Battle, J.
 

 When this case was before the Court at August term, 1854, (see 1 Jones’ Rep. 545,) it was held that the instrument upon which the plaintiff’s action was founded, and which was called a receipt, was not, in fact, a receipt for the payment of money, but was in the nature of a contract, by which the parties were compromising their rights. Taking it as a contract between the parties, if the plaintiff’s intestate had sustained substantial damages by having been induced to enter into it by the fraudulent misrepresentations of the defendant, we do not see why he might not recover such damages upon the general principle decided in
 
 Pasley
 
 v. Freeman, 3 Term Rep. 51, and that class of cases, many of which are referred to in
 
 March
 
 v.
 
 Wilson,
 
 Busb. Rep. 143. So we cannot see why, upon failing to prove that he had sustained substantial damages, he cannot recover nominal damages upon the jury’s finding that he did commit a fraud in the transaction alluded to. Assuming that the note or bond which the intestate held was upon insolvent persons, yet, the law would imply that he had sustained some damage by having it taken from him by the fraud of another person. And in such case, the person perpetrating the fraud, cannot escape from the consequences of 1ns act by saying that the intestate might recover his bond. The trouble and expense of doing so would be a damage for which, at least, the defendant ought to be responsible.
 

 Per Curiam.
 

 There is no error in the judgment below, and it is affirmed.